**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FREDERICK MUTUAL INSURANCE** | : | |
| **COMPANY,** | : | |
|        **Plaintiff,** | : | |
| | : | |
|   **v.** | : | **CIVIL ACTION NO. 17-4890** |
| | : | |
| **TARGET CORPORATION, *et al.*,** | : | |
|        **Defendants.** | : | |

**MEMORANDUM OPINION**

**Rufe, J.**                                                                                    **March 19, 2018**

Plaintiff Frederick Mutual Insurance Company initiated this declaratory judgment action, seeking a determination that it has no duty to defend or indemnify Defendants Target Corporation and Target Store #1196 (collectively "Target") in connection with a personal injury lawsuit pending in state court. Target moves to dismiss the complaint, arguing that the Court should decline jurisdiction pursuant to the Declaratory Judgment Act ("DJA")[1] and that Plaintiff failed to join an indispensable party. For reasons set forth below, the Court will decline jurisdiction and grant the motion to dismiss.

## I.   BACKGROUND

This declaratory judgment action seeks a declaration of Plaintiff's coverage obligations for a third-party suit brought by Ross Smith and his wife in the Court of Common Pleas for Bucks County, Pennsylvania.[2] The Smiths initiated the underlying state court personal injury suit after Mr. Smith slipped and fell on ice in a Target parking lot, and seek to hold various entities, including Target, liable for their acts or omissions in causing his injuries.[3]

At the time of Mr. Smith's fall, Target had contracted with Brickman Facility Solutions,

---

[1] 28 U.S.C. § 2201.

[2] Compl. at ¶¶ 46-47.

[3] *Id.* at ¶¶ 8-9.

LLC ("BFS") to provide snow and ice management services at the Target store.[4] BFS in turn subcontracted snow and ice removal to Groundtec, Inc.[5] According to Target, in the subcontract, Groundtec agreed to name both BFS and BFS's customer (*i.e.*, Target) as additional insureds in its liability insurance policy and agreed to defend and indemnify Target against third-party claims for injury.[6] Groundtec obtained a commercial general liability policy from Plaintiff.[7]

On September 22, 2017, Plaintiff disclaimed coverage for Target and initiated a declaratory judgment action in the Court of Common Pleas for Philadelphia County, Pennsylvania.[8] Plaintiff then filed suit in this Court pursuant to the DJA and terminated the state court action.[9] A few weeks later, Target Corporation sued Frederick Mutual, Groundtec, and BFS in the Court of Common Pleas for Bucks County, Pennsylvania, seeking to enforce its right to defense and indemnification for liability in the Smiths' personal injury suit.[10] Frederick Mutual removed the Bucks County action to this Court; however, because removal was improper based on the presence of forum defendants and their failure to join in the removal, the action was remanded.[11]

Target now moves to dismiss Plaintiff's complaint in the instant case, arguing that Plaintiff failed to join Groundtec as an indispensable party and that the Court should decline

---

[4] *Id.* at ¶¶ 18-20. Brickman Facility Solutions, LLC changed its name to Brightview Enterprise Solutions, LLC. The Court will refer to the company as BFS in this memorandum opinion. BFS was insured by Ace American Insurance Company at the time of Mr. Smith's fall.

[5] *Id.* at ¶¶ 21-23.

[6] Mot. to Dismiss at 3.

[7] Compl. at ¶ 25.

[8] Mot. to Dismiss at 3-4.

[9] *Id.* at 4; *see also* Compl.

[10] Mot. to Dismiss at 4. Target alleges Frederick Mutual initially agreed to defend it in the Smiths' underlying personal injury suit. *Id.* at 3.

[11] *See* Civil Action No. 17-5519.

jurisdiction over this action pursuant to the DJA.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a party to move for dismissal of any claim wherein the district court lacks subject matter jurisdiction.[12]  When considering a 12(b)(1) motion, the court "review[s] only whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court."[13]  When subject matter jurisdiction is challenged under 12(b)(1), the plaintiff bears the burden of persuasion.[14]

## III.  ANALYSIS

Target contends this action must be dismissed under Rule 12(b)(1) for lack of jurisdiction.  But this Court has diversity jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000 and the suit is between citizens of different states.[15]  Therefore, Target alternatively argues that the Court should decline to exercise jurisdiction pursuant to the DJA.

"The Declaratory Judgments Act authorizes district courts to 'declare the rights and other legal relations of any interested party seeking such declaration;'"[16] however, the Act "does not itself create an independent basis for federal jurisdiction."[17]  Instead, actions seeking only declaratory relief are discretionary and are not "subject to the 'normal principle that federal courts should adjudicate claims within their jurisdiction.'"[18]  Courts may therefore decline

---

[12] Fed. R. Civ. P. 12(b)(1).

[13] *Licata v. U.S. Postal Serv.*, 33 F.3d 259, 260 (3d Cir. 1994) (citations omitted).

[14] *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991) (citation omitted).

[15] *See* Compl. at ¶ 6.  Plaintiff is a citizen of Maryland, while Defendants are citizens of Minnesota.  *Id.* at ¶¶ 2-3.

[16] *Esurance Ins. Co. v. Bowser*, 710 F. App'x 110, 111 (3d Cir. 2018) (quoting 28 U.S.C. § 2201(a)).

[17] *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 394 (3d Cir. 2016) (citation omitted).

jurisdiction and abstain from entertaining them.[19]

In *Reifer v. Westport Insurance Company*,[20] the United States Court of Appeals for the Third Circuit established that district courts must consider a number of factors when determining whether to exercise jurisdiction, and often initially ask whether there is a parallel state proceeding.[21]  Though not dispositive, "the existence of a parallel state proceeding militates significantly in favor of declining jurisdiction."[22]

A state court proceeding is parallel if it "involv[es] the same parties and present[s] [the] opportunity for ventilation of the same state law issues."[23]  Germane factors include "the scope of the pending state court proceeding[,] the nature of the defenses open there," and whether necessary parties have been joined.[24]  However, "[p]roceedings are not parallel merely because they have the potential to dispose of the same claims."[25]  In other words, the potential for the issues raised in the declaratory action to arise in the state action is insufficient.[26]

After determining whether there is a parallel state court proceeding, courts consider the following *Reifer* factors, to the extent they are relevant:

> (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;

---

[18] *Reifer v. Westport Ins. Co.*, 751 F.3d 129, 139 (3d Cir. 2014) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995)).

[19] *Esurance Ins. Co.*, 710 F. App'x at 111 (citations omitted).

[20] 751 F.3d 129 (3d Cir. 2014).

[21] *Id.* at 145-46.

[22] *Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 281 (3d Cir. 2017) (internal quotation marks and citation omitted).  Conversely, "the absence of pending parallel state proceedings militates significantly in favor of exercising jurisdiction, although it alone does not require such an exercise."  *Reifer*, 751 F.3d at 144.

[23] *Kelly*, 868 F.3d at 284 (internal quotation marks and citations omitted).

[24] *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942); *Kelly*, 868 F.3d at 284.

[25] *Scottsdale Indem. Co. v. Collazos*, No. 16-8239, 2017 WL 4711451, at *2 (D.N.J. Oct. 20, 2017) (quoting *Kelly*, 868 F.3d at 283) (internal quotation marks omitted).

[26] *Kelly*, 868 F.3d at 285.

(2) the convenience of the parties;

(3) the public interest in settlement of the uncertainty of obligation;

(4) the availability and relative convenience of other remedies;

(5) a general policy of restraint when the same issues are pending in a state court;

(6) avoidance of duplicative litigation;

(7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for *res judicata*; and

(8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.[27]

The Court analyzes Target's motion to dismiss within this framework.

### A. The Existence of a State Parallel Proceeding

Here, the parties dispute whether the remanded Bucks County declaratory judgment action should be considered a parallel proceeding to this federal case. Plaintiff and Target are parties in both actions.[28] In the state declaratory judgment action, Target named Frederick Mutual, Groundtec, BFS, and the Smiths as defendants, seeking to enforce its right to defense and indemnification for liability in the Smiths' personal injury suit. In this federal declaratory judgment action, Frederick Mutual named only Target, seeking a declaration that it has no duty to defend or indemnify Target in the Smiths' suit.

Plaintiff contends that because it presented a narrower issue in this federal action than the state coverage action—that is, whether the scope of coverage provided to Target in the commercial general liability policy "Additional Insured Endorsement" language encompasses coverage for the Smiths' underlying personal injury suit—the two cases should not be considered

---

[27] *Reifer*, 751 F.3d at 146.

[28] Defendants maintain Target Store #1196 is subsumed under Target Corporation.

parallel.[29]  Despite this contention, "[b]oth cases as a threshold matter require a comparison of the Smiths' [underlying personal injury suit] to the [Frederick Mutual] policy to determine the duty to defend."[30]  The fact that the state declaratory judgment action includes other parties and claims relevant to Target's coverage dispute, including BFS and Groundtec, does not preclude a finding that the state action is parallel to this federal case.  Moreover, all matters in controversy between the parties in this case can be "fully adjudicated" in the state declaratory judgment action.[31]  Both actions present "the opportunity for ventilation of the same state law issues,"[32] and the defenses raised in the two cases also will be the same.[33]  For these reasons, the state coverage action is a parallel proceeding to this federal case.[34]

### B.  The *Reifer* Factors

Because a parallel state proceeding exists, the remaining *Reifer* factors must be considered.[35]  The first factor is whether a federal court declaration will resolve the uncertainty

[29] Resp. in Opp. to Mot. to Dismiss at 8.

[30] Reply in Support of Mot. to Dismiss at 3; *see also Esurance Ins. Co.*, 710 F. App'x at 111 ("Esurance filed an action in state court seeking a declaration on its duty to defend—an action that unquestionably does qualify as a parallel proceeding.").

[31] *Reifer*, 751 F.3d at 137, n.9 (citing *Brillhart*, 316 U.S. at 495).

[32] *Kelly*, 868 F.3d at 284 (citations omitted).

[33] *See Fireman's Ins. Co. v. B.R. Kreider & Son, Inc.*, No. 14-6065, 2016 WL 1169569 (E.D. Pa. Mar. 24, 2016) (finding a state action parallel to the federal DJA case because all parties were joined in the state litigation, and the insurer could have filed in state court every coverage cross-claim or counterclaim it had); *see also State Nat. Ins. Co. v. Landis*, No. 14-607, 2015 WL 291722, at *8 (E.D. Pa. Jan. 15, 2015) ("[I]t is the potentiality of the state court proceeding, rather than its present composition, that allows the court to avoid gratuitous interference with the orderly and comprehensive disposition of a state court litigation.") (internal quotation marks, brackets, and citation omitted); *Owen v. Hartford Ins. Co.*, No. 14-924, 2014 WL 2737842, at *6 (D.N.J. June 17, 2014) (stating that "even where a coverage issue is not yet pending in an underlying litigation, and an insurance carrier is not presently a party there, abstention is appropriate where the coverage issue will as a matter of logic necessarily arise at some point in the state proceeding") (internal quotation marks and citation omitted).

[34] Plaintiff contends that the fact that the state declaratory judgment was removed should preclude a finding that there is a parallel state proceeding.  However, the Court has concluded that the removal was improper, and remanded the action to the Court of Common Pleas for Bucks County.  *See* Civil Action No. 17-5519.  Therefore, this contention is without merit.

[35] *See Kelly*, 868 F.3d at 282 ("When state parallel proceedings do exist, district courts exercising jurisdiction should be rigorous in ensuring themselves that the existence of pending parallel state proceedings is outweighed by opposing factors.")  (internal quotation marks and citation omitted).

of the obligation which gives rise to the controversy.[36]  While a federal court declaration could resolve uncertainty about the parties' rights and obligations under the commercial general liability policy, a state court declaration could do so as well.  The claims here concern the interpretation of the insurance policy according to state law, which a state court can appropriately address.[37]  Furthermore, this federal action will not resolve the entire controversy brought by Target in state court, but the state action can resolve all issues in both actions.  Thus, this first *Reifer* factor weighs against exercising jurisdiction.

The second factor is the convenience of the parties.[38]  Both the federal and state forums are equally accessible to all parties and neither action has proceeded significantly past initial filings.[39]  Plaintiff contends it will be inconvenienced if this matter is dismissed because it will then be forced to litigate its narrow coverage issue with the more complex and numerous issues in the state coverage action initiated by Target, possibly delaying disposition and increasing its expense in litigating its coverage issue.  Conversely, Target asserts that it will be inconvenienced if this matter is not dismissed because it will be required to litigate two overlapping cases simultaneously in different forums.  The Court concludes that convenience favors one comprehensive resolution of the coverage issues, which can only occur in state court.[40]  This second factor weighs against exercising jurisdiction.

---

[36] *Reifer*, 751 F.3d at 146.

[37] *See United States Liab. Ins. Co. v. Singer*, No. 16-887, 2016 WL 5858984, at *4 (D.N.J. Oct. 6, 2016).

[38] *Reifer*, 751 F.3d at 146.

[39] *See Singer*, 2016 WL 5858984, at *4.

[40] *See Sumner v. Tompkins Ins. Agencies, Inc.*, No. 16-2218, 2016 WL 3345453, at *10 (E.D. Pa. June 15, 2016) ("[T]he convenience of the parties is surely served by adjudicating the overlapping cases in one forum.  This is particularly true in light of the fact that the state court and federal court share the same geographic region, thereby precluding any argument that there is a great geographical convenience served by keeping one case in federal court.").

The third factor considers the public interest in settlement of the uncertainty of the obligation.[41] The parties acknowledge that there is no significant public interest in this case being resolved in federal court. The obligations at issue arise solely as a matter of contract and are governed by state law.[42] Thus, the desire of Plaintiff to obtain a declaration of no coverage "has no special call on the federal forum,"[43] and the third factor weighs against exercising jurisdiction.

The fourth factor is the availability and relative convenience of other remedies.[44] As to this factor, Plaintiff's other remedy would be to seek a declaratory judgment in Pennsylvania state court, as it initially filed. The fact that a declaratory judgment action in Pennsylvania may require joining additional parties is of minimal significance when a parallel state action currently exists, to which Frederick Mutual is already a party. Thus, this fourth *Reifer* factor weighs against exercising jurisdiction.[45]

The fifth and sixth factors respectively consider the federal courts' general policy of restraint when the same issues are pending in a state court and the avoidance of duplicative litigation.[46] Since the Court has determined that the state coverage action is a parallel proceeding, these *Reifer* factors weigh against exercising jurisdiction.[47]

---

[41] *Reifer*, 751 F.3d at 146.

[42] *See 1100 Adams St. Condo. Ass'n v. Mt. Hawley Ins. Co.*, No. 14-2203, 2014 WL 5285466, at *6 (D.N.J. Oct. 15, 2014) ("[T]here is no federal interest involved in this case, since it concerns purely questions of state law."); *see also Nat'l Liab. & Fire Ins. Co. v. LP Trucking, LLC*, No. 15-5449, 2017 WL 2829602, at *7 (D.N.J. June 30, 2017) ("The public interest in resolving this dispute is minimal, as the case turns on a narrow instance of cancelling (or not cancelling) an insurance policy as between private parties.").

[43] *State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 136 (3d Cir. 2000).

[44] *Reifer*, 751 F.3d at 146.

[45] *See Scottsdale Ins. Co. v. RSE Inc.*, 303 F.R.D. 234, 240 (E.D. Pa. 2014).

[46] *Reifer*, 751 F.3d at 146.

[47] *See id.* at 144-45.

The seventh factor seeks to prevent the use of the declaratory judgment action as a method of procedural fencing or as a means to provide another forum in a race for *res judicata*.[48] In this dispute, Plaintiff originally filed its declaratory judgment action in the Court of Common Pleas for Philadelphia County. Plaintiff then filed this federal action, and a few days later terminated its state case. Shortly thereafter, Target filed its declaratory judgment action in state court. Plaintiff alleges Target engaged in procedural fencing by initiating a state declaratory judgment action shortly after Plaintiff filed its federal complaint. However, "[i]t is irrelevant that the state declaratory judgment [action] was filed after its counterpart in federal court,"[49] particularly when the original dispute was filed by Plaintiff in state court, where Target therefore originally anticipated litigating these issues in the state forum of Plaintiff's choosing. Thus, the seventh *Reifer* factor is neutral.

Finally, as to the eighth factor, there is an inherent conflict of interest between Plaintiff's duty to defend and indemnify Target in state court and its attempt to characterize that suit in federal court as not falling within the scope of a provision contained in its policy.[50] This final *Reifer* factor weighs against exercising jurisdiction.

In sum, most of the *Reifer* factors weigh against exercising jurisdiction over this case, and therefore do not outweigh the strong presumption against exercising jurisdiction in light of the pending state coverage action. Consequently, the Court will decline to exercise jurisdiction and will dismiss this case without prejudice.[51]

---

[48] *Id.* at 146.

[49] *Esurance Ins. Co.*, 710 F. App'x at 111-12 (citing *Summy*, 234 F.3d at 136) (internal quotation marks omitted).

[50] *Reifer*, 751 F.3d at 146; *see also Singer*, 2016 WL 5858984, at *5.

[51] Since the Court declines to exercise jurisdiction pursuant to the DJA and will grant Target's motion to dismiss on this basis, it will not opine on Target's Rule 12(b)(7) motion. A Rule 12(b)(7) motion allows a defendant to move for dismissal when the plaintiff has failed to join an indispensable party under Federal Rule of Civil Procedure 19.

## IV. CONCLUSION

For the reasons set forth above, the motion to dismiss will be granted. An Order follows.